# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEON IRBY,

        Plaintiff,

    v.                                                       Case No. 08-C-0258

NURSE MARY GORSKE and BELINDA SCHRUBBE,

        Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS (DOC. #94), DENYING PLAINTIFF'S MOTION FOR ORDER ALLOWING OBTAINING AFFIDAVITS (DOC. #98), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED MOTION FOR SUMMARY JUDGMENT (DOC. #104), DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE (DOC. #108), DENYING PLAINTIFF'S MOTION TO EXTEND FILING TIME (DOC. #110), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE (DOC. #112), AND DIRECTING THE PLAINTIFF TO FILE A RESPONSE TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON OR BEFORE WEDNESDAY, FEBRUARY 2, 2011

The plaintiff has filed a number of motions, which are addressed below.

On July 22, 2010, the plaintiff filed a motion to compel discovery and for sanctions against the defendants challenging defendant Belinda Schrubbe's answers to some of his requests for admissions. In response, the defendants argue in light of the pending motion for summary judgment that the plaintiff's motion is not relevant because the documents the plaintiff references may be presumed genuine. The defendants also contend that the plaintiff has no legal grounds for objecting to their responses to his requests to admit. Additionally, the defendants suggest that the plaintiff is seeking authentication of his copies of documents through requests for admissions, and contend that authentication is unnecessary because it is unlikely that they will challenge the

authenticity of those copies at trial. In reply, the plaintiff reiterates that he is seeking to authenticate the "problem list," to confirm that Sandy Jackson's signature is on a response to a health services request, and to confirm defendant Schrubbe's personal involvement.

The plaintiff's motion discusses his attempts to resolve the discovery dispute with the defendants and thereby complies with the requirements of Federal Rule of Civil Procedure 37 and Civil Local Rule 37. He can present evidence, through affidavits and exhibits to affidavits, in support of or in response to a motion for summary judgment. Regardless, the court's review of the defendants' responses to the requests for admission reveals that they are satisfactory.

On August 5, 2010, the plaintiff filed a motion to obtain affidavits from non-party witnesses for use in opposing defendant's second motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f).[1] The plaintiff asserts that he has no way to obtain essential information from these potential witnesses. He submits that he is unable to approach these employees of the Wisconsin Department of Corrections because two provisions of the Wisconsin Administrative Code preclude him from doing so.

In opposition, the defendants maintain that affidavits cannot be compelled and that the witnesses in question will not volunteer to provide affidavits. The plaintiff further responds by noting that these witnesses are not represented by the defendants' counsel.

The court notes that the discovery period expired on June 18, 2010, and there is no indication that these potential witnesses were subpoenaed to testify in any

---

[1] Changes were made to Federal Rule of Civil Procedure 56 effective December 1, 2010. The substantive provision of Rule 56(f) is now found in Rule 56(d).

depositions or that the plaintiff sought discovery from these individuals through defense counsel or otherwise. For that reason, there is no basis for compelling these parties to provide the plaintiff with affidavits for use in opposition to the pending motion for summary judgment.

The plaintiff also has filed several motions regarding his time to respond to the defendants' motion for summary judgment. On August 18, 2010, the plaintiff asked for an additional fifteen days to file his response. Then, on August 23, 2010, the plaintiff filed a motion asking to amend his motion for an extension of time to include an affidavit and exhibit. On September 8, 2010, the plaintiff asked for an additional thirty days to file his response. Inasmuch as the court will provide the plaintiff with additional time to respond to the defendants' motion for summary judgment in the interest of justice, these motions will be denied.

Finally, the plaintiff filed a motion for leave to file a response to the pending motion for summary judgment. However, this motion is neither a request for an extension of time to file his response nor a substantive response to the defendants' motion. Nevertheless, the plaintiff asserts: "Obviously, defendants' third motion [for summary judgment] is in improper form, and therefore, not actually properly filed and before this Honorable Court." (Plaintiff's Motion, Docket #112, p. 5). Thus, it appears that the plaintiff is contending that the defendants' motion for summary judgment was filed without leave from the court to do so. The plaintiff argues that the defendants did not comply with Civil Local Rule 15.1 (E.D. Wis.) and did not show good cause to be allowed to refile a motion for summary judgment following denial of their initial summary judgment motion on July 23, 2010. The plaintiff also suggests that the defendants needed to file a motion under

Federal Rule of Civil Procedure 60(b) in order to ask to file a new motion for summary judgment.

The plaintiff's arguments are not applicable to this situation. Federal Rule of Civil Procedure 15 and its corresponding Civil Local Rule deal with the amendment of pleadings. What constitutes a pleading is set forth in Rule 7, and a motion is not a pleading under the meaning of that rule. Additionally, Rule 60(b) sets forth the grounds that justify relief from a final judgment, order, or proceeding and judgment has not been entered in this case.

The court's July 23, 2010, order denying the defendants' motion for summary judgment was without prejudice and did not address the merits of this case. Moreover, the defendants quickly remedied their error regarding the notice they are required to give to the plaintiff. The plaintiff is not prejudiced by the addition of the proper notice to the motion. Also, it is within the court's discretion to accept the defendants' amended motion for summary judgment, filed July 26, 2010. Therefore,

IT IS ORDERED that the plaintiff's motion to compel discovery and for sanctions (Docket #94) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for order allowing obtaining affidavits from non-party witnesses (Docket #98) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for extension of time to respond to amended motion for summary judgment (Docket #104) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to amend/correct motion for extension of time to file response (Docket #108) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for extension of time to response to defendants' motion for summary judgment (Docket #110) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file response in opposition to motion to amend summary judgment (Docket #112) is DENIED.

IT IS FURTHER ORDERED that the plaintiff shall respond to the defendants' motion for summary judgment on or before **Wednesday, February 2, 2011**. Failure to file a response by that date will result in a dismissal of this action.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge